




U.S. Department of Justice

Jessie K. Liu
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

November 8, 2019

BY EMAIL
Bruce Searby, Esq.
Edmund Searby, Esq.
1627 Connecticut Avenue, NW
Suite 4
Washington, D.C. 20009

      Re: <u>US v. Synergy, et. al, Cr. No. 19-.149 (APM)</u>

Dear Mr. Searby:

  This letter sets forth the full and complete plea offer to your client, Synergy Link Corp., (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on **November 13, 2019**. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement"). The terms of the offer are as follows:

  1. **Charges and Statutory Penalties**

  Your client agrees to plead guilty to Count Eight of the Indictment, charging your client with Conspiracy to Structure Funds, in violation of Title 18, United States Code, Section 371; Title 31, United States Code, Section 5324(a)(3).

  Your client understands that it may be sentenced to a term of probation and an authorized fine, pursuant to 18 U.S.C. § 3551(c). Your client understands that a violation of Title 18 U.S.C. § 371 carries a maximum fine of not more than $500,000 or twice the pecuniary gain or loss of the offense pursuant to 18 USC. 3571 (c) (3) and (d), and an obligation to pay any applicable interest or penalties on fines and restitution not namely made. Your client understands that the authorized sentence of probation is a term of probation of not less than one nor more than five years, in accordance with 18 U.S.C. § 3561(c).

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia. Your client also understands that, pursuant to 18 U.S.C. § 3572, the Court may also impose a fine that is sufficient to pay the federal government the costs of any period of probation.

### 2.     **Factual Stipulations**

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense(s) to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

### 3.     **Additional Charges**

In consideration of your client's guilty plea to the above offense(s), your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense, or for other conduct made known to this Office prior to the date of this Agreement. The Government will request that the Court dismiss the remaining count(s) of the Indictment in this case at the time of sentencing, including those pending against your client and all counts pending against Defendants Adison Umrarong and Siriporn Domsa. Your client agrees and acknowledges that the charge(s) to be dismissed at the time of sentencing were based in fact.

### 4.     **Reservation of Allocution**

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty. The parties also reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. In addition, the Government and your client reserve the right to full allocution in any post-sentence litigation.

### 5.     **Court Not Bound by this Agreement**

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a). Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

Your client acknowledges that your client's entry of a guilty plea to the charged offense(s) authorizes the Court to impose any sentence, up to and including the statutory maximum sentence. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that does not follow the Government's sentencing recommendation or is more severe than your client expected. The Government and your client will be bound by this Agreement, regardless of the

sentence imposed by the Court. Any effort by your client to withdraw the guilty plea because of the severity of the sentence shall constitute a breach of this Agreement.

6. **Waivers**

   A. **Venue**

Your client waives any challenge to venue in the District of Columbia.

   B. **Statute of Limitations**

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

   C. **Trial Rights**

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea

proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

### D. Appeal Rights

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s). Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any fine, forfeiture, award of restitution, term of probation and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

### E. Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel.

### 7. Forfeiture

(a) Your client agrees to the forfeiture set forth in the Forfeiture Allegation with Count Eight of the Indictment to which your client is pleading guilty. Your client agrees to the forfeiture of the following specific property: $13,000 of the $18,231.78 in United States currency seized from the defendant's Comerica Bank account ending in -6522 on or about May 15, 2019. In the alternative, if the Court declines to impose the forfeiture described above, or the forfeiture is defeated in an ancillary proceeding, your client agrees to the entry of a forfeiture money judgment in the amount of $13,000.

(b) Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support this forfeiture. Your client agrees that the Court may enter a Consent Order of Forfeiture for this property at the time of your client's guilty plea or at any time before sentencing. Your client agrees that this Order will become final as to your client

when it is issued and will be a part of your client's sentence pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

(c) In the event the Court imposes forfeiture other than the $13,000 of the $18,231.78 in United States currency seized from the defendant's Comerica Bank account ending in -6522 on or about May 15, 2019, your client agrees that this plea agreement permits the government to seek to forfeit any of your client's assets, real or personal, that are subject to forfeiture under any federal statute, whether or not this agreement specifically identifies the asset. Regarding any asset or property, your client agrees to forfeiture of all interest in: (1) any property, real or personal, involved in the offense alleged in Count Eight to which the defendant is pleading guilty or any property traceable to such property; (2) any substitute assets for property otherwise subject to forfeiture. See 21 U.S.C. § 853.

(d) Your client agrees that it has waived any and all interest your client has in the specific assets or properties identified above and consented to their forfeiture by whatever process the government chooses. Your client agrees that these items are subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of this property by the United States. As such, your client hereby relinquishes all claim, title, and interest your client has in the above-referenced property to the United States and agrees not to oppose any civil, administrative, or judicial forfeiture of the property. Your client knowingly and voluntarily waives any right to timely notice provided for in 18 U.S.C. § 983. Your client agrees that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal. If your client already has filed a claim to any of these assets or properties in any forfeiture process, your client hereby agrees to withdraw it. Your client also agrees not to file a claim to any of these assets or properties in any future forfeiture proceeding of whatever type. In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of any of the seized properties, your client hereby abandons any interest your client has in such property and consents to its destruction by, and/or abandonment to, the law enforcement agency.

(e) Your client agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture your client has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that will be imposed in this case.

(f) In the event the Court imposes forfeiture other than the $13,000 of the $18,231.78 in United States currency seized from the defendant's Comerica Bank account ending in -6522 on or about May 15, 2019, your client agrees to take all necessary actions to satisfy the forfeiture, which may include steps to (i) identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since September 10, 2015, or in which your client has or had during that time any financial interest;(ii) obtain from any other parties by any lawful

5

means any records of assets owned at any time by your client; (iii) provide and/or consent to the release of your client's tax returns for the previous five years. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

(g) Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## 8. **Compliance Program**

Your client agrees that during any probationary period imposed by the Court at sentencing, your client will immediately return to the sender any firearms and firearms parts that it may receive for export without a license, or, if such firearms and firearms parts cannot be returned to the sender, your client will dispose of such firearms and firearms parts in a lawful manner and not export them without an appropriate license. Should U.S. Customs and Border Protection exercise its lawful authority to inspect your client's premises and discover any unlicensed firearms or firearms parts still on the premises 30 days or longer after their receipt by your client, and your client's failure to return or dispose of such items is knowing and material, such event may be treated as a breach of the agreement under Paragraph 9 of this agreement, and the terms of Paragraph 9 shall apply.

If requested by your client, this Office will bring this Agreement and the nature and quality of the remediation of your client to the attention of other prosecuting authorities or agencies, as well as debarment authorities.

## 9. **Breach of Agreement**

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is

based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

10. **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than **November 13, 2019**.

Sincerely yours,

_____
Jessie K. Liu
United States Attorney

By: _____
Frederick W. Yette
Assistant United States Attorney
Stephanie Williamson
Special Assistant United States Attorney

7

## DEFENDANT'S ACCEPTANCE

On behalf of Synergy Link Corp. ("Synergy Link"), I have read every page of this Agreement and have discussed it with Synergy Link's attorney, Bruce Searby, Esq. and/or Edmund Searby, Esq. I fully understand this Agreement and am duly authorized by Synergy Link to agree to it without reservation. Synergy Link does this voluntarily and of its own free will, intending to be legally bound. No threats have been made to Synergy Link or its representatives, nor are they under the influence of anything that could impede their ability to understand this Agreement fully. Synergy Link is pleading guilty because it is in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with Synergy Link's decision to plead guilty except those set forth in this Agreement. Synergy Link is satisfied with the legal services provided by its attorney in connection with this Agreement and matters related to it.

Date: 11/11/19          By: _____
                              Adison Umrarong, Owner & President
                              Synergy Link Corp.
                              Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, Synergy Link Corp., as authorized and as represented by Adison Umrarong, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: November 11, 2019   _____
                              Bruce Searby, Esq.
                              Edmund Searby, Esq.
                              Attorneys for Defendant